UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-61375 CIV-Brown

**THIS IS A CONSENT CASE**

DERRICK RIVERS,

    Plaintiff,

vs.

ORTHOPEDIC SYSTEMS, INC
a/k/a OSI, INC., a California corporation,

    Defendant.
_____/

**ORDER GRANTING COSTS AND FINAL COST JUDGMENT**

**This matter** is before this Court on Defendant's Verified Motion to Tax Costs and Supporting Memorandum of Law, filed August 14, 2006. This Court has considered the verified motion, the response, the reply, and all pertinent materials in the file.

**BACKGROUND**

On October 21, 2004, Plaintiff filed a three-count complaint against Defendant, Plaintiff's former employer. Plaintiff claimed age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Florida Civil Rights Act of 1992 ("FCRA"). On July 18, 2006, Defendant's Motion for Summary Judgment was granted and Final Judgment entered.

On August 14, 2006, Defendant filed a Verified Motion to Tax Costs, seeking reimbursement of costs in the amount of $14,233.19. Plaintiff did not dispute Defendant's entitlement to costs as

1

the prevailing party under Fed. R. Civ. P. 54. However, Plaintiff contends that many of the costs Defendant seeks reimbursement for are unrecoverable pursuant to statute and/or case law.

## DISCUSSION

The determination of what costs may be taxed arises under 28 U.S.C. §1920. These costs are limited to those specifically enumerated in 28 U.S.C. §1920, absent statutory authorization otherwise. See <u>Arcadian Fertilizer, L.P. v. MPW Indus. Serv., Inc.</u>, 249 F. 3d 1293, 1296 (11th Cir. 2001).

Section 1920 states in part as follows:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) fees and disbursements for printing and witnesses;
>
> (4) fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts . . .

The Defendant bears the burden of submitting a request for expenses that enables the court to determine what expenses were incurred and whether those expenses satisfy the test of necessity and reasonableness under 28 U.S.C. §1920. See <u>Lee v. American Eagle Airlines, Inc.</u>, 93 F. Supp. 2d 1322, 1335 (S.D. Fla. 2000); see also <u>Berryman v. Hofbauer</u>, 161 F.R.D. 341, 344 (D. Mich.1995). In the present case, Defendant filed a Bill of Costs along with its Verified Motion To Tax Costs. Furthermore, the Eleventh Circuit has found that the Court may act as its own expert in these matters and determine what costs are reasonable utilizing its own experience. See <u>Trammell</u>

Real Estate Corp. v. Trammell, 748 F. 2d 1516, 1517 (11th Cir. 1984).

## Deposition Transcripts/Sworn Statements

Taxation of "fees of the court reporter" are enumerated in §1920(2). This provision has been interpreted to include deposition-related costs. See Tang How v. Edward J. Gerrits, Inc., 756 F.Supp. 1540, 1545-46 (S.D. Fla. 1991), aff'd, 961 F. 2d 124 (11th Cir. 1992). This Circuit has allowed deposition costs and transcripts to be taxed when the depositions appeared reasonable, in light of the facts known at the time they were taken. See id. Here, Defendant's depositions included those individuals that Plaintiff identified on its witness list, witnesses Plaintiff cited in opposition to Defendant's summary judgment motion, and witnesses necessary for the preparation of the Motion for Summary Judgment and the Reply. All of these depositions are reasonable, in light of facts known when they were taken.

Defendant supplemented its cost request with invoices of each deposition and the costs per deposition. Within Defendant's request for fees of the court reporter, Defendant requests reimbursement for copies of depositions taken by Plaintiff. Charges for a copy of a deposition taken by an opponent are taxable as well. See U.S. v. Kolesar, 313 F.2d 835, 840 (5th Cir. 1963).

All of Defendant's deposition costs and transcripts appear to be reasonable. Thus, costs of **$7,092.55** are granted.

Plaintiff contends that condensed transcripts, deposition exhibits, ASCII discs, and video depositions were not justified by the Defendant. The Court agrees with the Plaintiff that the Defendant must show that the ASCII discs and condensed transcript costs were reasonable and necessary as opposed to just convenient. See Henderson v. Home Depot U.S.A., Inc., 2006 U.S. Dist. LEXIS 45969, at *11 (M.D. Fla. July 6, 2006) (citing Ochana v. Flores, 206 F. Supp. 2d 941, 945 (N.D. Il. 2002). The Defendant has simply stated these costs were necessary and reasonable in light of the case. Without a more compelling argument this Court cannot and will not award **$508.50**

for ASCII disks and condensed transcripts. The Court disagrees, however, with Plaintiff regarding costs for deposition exhibits and video depositions.

Costs for video depositions are awarded where a party noticed the deposition to be recorded, but no objection was made at that time. See Morrison v. Reichold Chem., Inc., 97 F.3d 460, 464 (11th Cir. 1986). Here, the Plaintiff claims only that costs should not be awarded, but does not provide any evidence of objections made at the time of the video deposition. The Court therefore grants **$ 668.75** for costs of the video deposition.

The Eleventh Circuit has determined that exhibits can be taxed as costs under §1920 (4), so long as the exhibit fits "within either the category 'copies of paper' or the category 'exemplification.'" Arcadian Fertilizer, L.P., 849 F.3d at 1296. In this case, the Defendant explains that the exhibits were correspondence between the parties regarding Plaintiff's performance, as well as sales records. Since the exhibits are 'copies of paper,' they meet the requirements promulgated by the Eleventh Circuit. Therefore, the award of **$240.50** is proper.

Courts have held that incidental costs of litigation, such as postage, are not to be taxed, and will not be here. See Desisto Coll., Inc. v. Town of Howey-In-The-Hills, 718 F. Supp. 906, 914 (M.D. Fla. 1989); see also Duckworth v. Whisenant, 97 F.3d 1393, 1399 (11th Cir. 1996).

For the aforementioned reasons the Court awards the Defendant **$8,489.29** for costs associated with depositions and sworn statements.

### Fees for Service of Subpoenas

The Eleventh Circuit has upheld costs for private process servers as long as the fee charged is authorized by § 1921. See U.S. E.E.O.C. v. W & O, Inc., 213 F.3d 600, 624 (11th Cir. 2000). Section 1921 (a)(1)(B) states a court may tax as costs, fees for "serving a subpoena or summons for a witness or appraiser." 28 U.S.C.A. §1921. The Defendant requests fees for subpoenas issued to

physicians that Defendant deemed necessary to defend against damages for emotional pain and suffering; which the Plaintiff would have sought if the case had gone to trial. Defendant's request is reasonable, and accordingly grants **$150.00** for service of subpoenas.

## Exemplification and Copies of Papers

Section 1920(4) allows the prevailing party to tax costs associated with "exemplifications and copies of paper necessarily obtained for use in the case." The burden of establishing entitlement to photocopying expenses lies with the prevailing party. See Desisto Coll., Inc., 718 F. Supp. at 906. The Eleventh circuit has analyzed copy costs much the same as depositions, and determined that costs are reasonable if the prevailing party could have reasonably believed the copies to be necessary. See W & O, Inc., 213 F. 3d at 623. The Court is satisfied with the Defendant's description of the necessity for the copies, and therefore, this Court grants costs in the amount of **$2,791.94**.

## Travel and Long Distance Telephone Costs

"Long distance telephone charges and travel expenses are appropriate expenses under § 1920 to the extent they are reasonable." Cullens v. Ga. Dept. Transp., 29 F.3d 1489, 1494 (11th Cir. 1994) (citing Dowdell v. City of Apopka, 698 F.2d 1181, 1192 (11th Cir. 1983)). The Court recognizes the Plaintiff is correct in his assertion that these two cases are §1988 cases. However, the Eleventh Circuit specifically allows these costs under §1920, and therefore, this Court must recognize that both travel and long distance telephone costs are appropriate in this case.

Defendant requests reimbursement for flight and lodging expenses incurred by defense counsel to attend six depositions noticed and taken by Plaintiff. Plaintiff claims an overnight stay in Atlanta was unreasonable as was an appearance at a deposition which Plaintiff took over the phone. The Eleventh Circuit calls for reasonable travel expenses. Id. In determining reasonableness Defendant's

conduct does not have to mirror the Plaintiff's conduct. Defendant's counsel deemed it necessary to spend the night prior to a morning deposition in Atlanta in order to ensure punctuality. Plaintiff's counsel, who did not spend the night, was an hour late to the deposition. In light of all the facts, the Court feels all of the Defendant's travel expenses are reasonable. Accordingly, Defendant's request for travel costs is granted in the amount of **$2,033.60.**

Defendant also seeks reimbursement for long distance telephone calls. This case has spanned almost two years, and the Defendant along with key witnesses are located in California. After analyzing the facts, the Court deems **$ 111.11** to be a reasonable amount for long distance phone calls.

## Total Costs

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Verified Motion to Tax Costs is **GRANTED** in part and **DENIED** in part. Defendant is hereby awarded a total sum of **$13, 575. 94** calculated as follows:

| | |
|---|---|
| Deposition Transcripts/Sworn Statements: | $ 8,489.29 |
| Service of Subpoenas: | $   150.00 |
| Copies: | $ 2,791.94 |
| Travel Costs: | $ 2,033.60 |
| Long Distance Telephone Charges: | $   111.11 |
| **Total Costs Awarded**: | **$13,575.94** |

Therefore a **FINAL JUDGMENT** for fees and costs is hereby entered in favor of Defendant and against Plaintiff in the amount of $13,575.94, for which sum let execution issue.

**DONE AND ORDERED** this 28th day of November 2006, at Miami, Florida.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE